UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

In re:                                }
Timothy Blake Hammonds and            }    CASE NO.    08-40928-JJR-13
April Marie Hammonds,                 }
          Debtors.                    }    CHAPTER:    13
                                      }

## MEMORANDUM OPINION

On September 11, 2008, the above matter was scheduled for a hearing on confirmation of the Debtors' chapter 13 plan. Creditor Sims Motors ("Sims") filed an Objection to Confirmation and Objection to Debtors' Motion to Continue Confirmation (Doc. # 49), and the Trustee filed an Amended Objection to Confirmation and Motion to Dismiss Case (Doc. # 60). Appearing at the hearing were Bob McWhorter, attorney for the Debtors, Timothy and April Hammonds ("the Debtors"), Ralph Strawn, attorney for Sims, and Linda Gore, the chapter 13 Trustee.

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference, as amended, entered by the United States District Court for the Northern District of Alabama. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); therefore, the Court has authority to enter a final order. For the reasons stated below, the Court is sustaining Sims' Objection to Confirmation. In compliance with Rule 7052(a) of the Federal Rules of Bankruptcy Procedure, the following shall constitute the Court's findings of fact and conclusions of law.[1]

The Debtors obtained credit counseling on May 7, 2008, the same day they filed their chapter

---

[1] All "Rule" references are to the Federal Rules of Bankruptcy Procedure. "FRCP" references are to the Federal Rules of Civil Procedure.

13 petition. Sims asserts the Debtors are not eligible to be debtors under Section 109(h) because they failed to complete the credit counseling course during the 180-day period *preceding* the date they filed their petition pursuant to the plain language of the statute.[2] Section 109(h)(1) provides:

> Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

Sims cites various cases proposing a debtor's certificate of credit counseling dated the same date as the petition must result in dismissal of the debtor's case. *See, e.g., In re Mills*, 341 B.R. 106 (Bankr. D.Dist.Col. 2006) ("It is settled that when a statute requires an act to be done within a specified number of days prior to a fixed date, the last day, namely, the fixed date, is to be excluded ... in making the calculation. [citations omitted]. Accordingly, the latest that the debtor could have obtained credit counseling under § 109(h) was . . . the date prior to her petition date. As the certificate of credit counseling is dated [the same date that the petition was filed], the court must dismiss the debtor's case pursuant to § 109(h)."); *In re Mitchell*, Case No. 06-00026, 2006 WL 644602, *2 (Bankr. D.D.C. Feb. 17, 2006) (unpublished order). However, according to this Court's research, the decision in *Mills* has since been abrogated by *In re Barbaran*, as the same judge changed his opinion on the issue based on developing case law. 365 B.R. 333, 334 (Bankr. D.Dist. Colo. 2007) ("Congress failed to accord the term 'date' (in the clause 'date of filing of the petition') its usual meaning of calendar day, and instead intended 'date' to mean the moment of the filing of

---

[2] 11 U.S.C. § 101 *et seq*, and herein the "Code." All "Section" references are to a section or subsection of the Code.

2

Case 08-40928-JJR13   Doc 66   Filed 09/22/08   Entered 09/22/08 16:35:03   Desc Main
Document      Page 2 of 9

the petition."). Sims also cites a more recent (not yet published) case of *In re Bain*, 2008 WL 2570831 (Bankr. E.D. Va. 2008) where a bankruptcy judge dismissed a case, following the plain language of the statute.

The Debtors cite a list of cases from across the country, as there appears to be no published decision on point by a court in this State or by the Eleventh Circuit Court of Appeals. The case of *In re Francisco* perhaps contains the best summary of the two lines of cases beginning to develop. 390 B.R. 700 (B.A.P. 10th Cir. 2008).

> The effort to define [the boundary of whether the credit counseling may be obtained on the same date the petition is filed] has resulted in two distinct lines of case law. The first line of cases ("Plain Language") holds that the phrase 'the 180-day period preceding the date of filing' requires that the specified action (credit briefing) be obtained no later than the calendar day prior to the day on which the petition is filed. *See, e.g., In re Gossett,* 369 B.R. 361 (Bankr.N.D. Ill. 2007); *In re Cole*, 347 B.R. 70 (Bankr. E.D. Tenn. 2006), and the bankruptcy court's decision in this case, *In re Francisco,* 386 B.R. 854 (Bankr. D.N.M. 2008). The second line of cases ("Bright Line") holds that § 109(h)(1) is satisfied so long as the credit briefing precedes the filing of the petition, even if both events occur on the same calendar day. *See, e.g., In re Francisco*, 390 B.R. 700, 702 (B.A.P. 10th Cir. 2008); *In re Barbaran,* 365 B.R. 333 (Bankr. D.D.C. 2007); *In re Swanson,* 2006 WL 3782906 (Bankr.D. Idaho Dec. 21, 2006); *In re Moore,* 359 B.R. 665 (Bankr. E.D. Tenn.2006); *In re Hudson,* 352 B.R. 391 (Bankr. D. Md. 2006); *In re Toccaline,* 2006 WL 2081517 (Bankr. D. Conn.2006); *In re Spears,* 355 B.R. 116 (Bankr. E.D. Wis.2006); *In re Warren,* 339 B.R. 475 (Bankr. E.D. Ark. 2006).

*Id.* at 702.

The Plain Language line of cases defines the term "date" "by its most commonly used meaning, i.e., a time period consisting of a day, a month, and a year." *Francisco*, 390 B.R. at 702-03. In some cases the courts have relied on dictionary definitions to conclude the word "date" means "the day when an event happened or will happen," or "refers simply to day, month, and year." *In re Cole*, 347 B.R. 70, 74 (Bankr. E.D. Tenn. 2006) (concluding the plain meaning of the term "date"

3

required credit counseling briefing any day within 180 days prior to but not including the date the petition was filed. Quoting BLACK'S LAW DICTIONARY, 395 (6th ed. 1994); BLACK'S LAW DICTIONARY, 399 (7th ed. 1999); WEBSTER'S NEW COLLEGIATE DICTIONARY, 286 (1979)); see also *In re Murphy*, 342 B.R. 673 (Bankr. D. D.C. 2006) ("It is settled that when a statute requires an act to be done within a specified number of days prior to a fixed date, the last day, namely, the fixed date, is to be excluded ... in making that calculation."). The court in *Cole* also noted, "common law legal systems have long reckoned periods of legal significance by the calendar, not by the clock." *Id*. at 75, citing *Mason v. Bd. of Educ.*, 375 Md. 504, 826 A.2d 433, 435 (Md. 2003) ("[A] day is usually considered by the law to encompass a single, indivisible moment in time."). For example, the Supreme Court analyzed tax assessment statutes and held, " '[w]hen the period allowed for doing an act is to be reckoned from the making of a contract, or the happening of any other event, the day on which the event happened may be regarded as an entirety, or a point of time; and so may be excluded from the computation.' The fiction that a day has no parts is a figurative recognition of the fact that people do not trouble themselves without reason about a nicer division of time." *Burnet v. Willingham Loan & Trust Co.*, 282 U.S. 437, 439, 51 S.Ct. 185, 186 (1931) (per curiam) (internal citations omitted).

This latter interpretation (i.e. Plain Language) arguably follows the language of Rule 9006, which states in material part with regards to computing time:

> In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . . Rule 9006(a).

4

See *In re Gossett*, 369 B.R. 361, 368 (Bankr. N.D. Ill. 2007) (finding no conflict exists between Section 109(h) and Rule 9006(a), thus a debtor is required to "complete the required counseling briefing on any day within 180 days prior to, but not including, the date upon which the petition is filed. As Congress has not more specifically legislated the time in question, by default the Court looks to the Rule for the applicable answer.").

Though the *Cole* court found Section 109(h) to be clear and unambiguous, thereby making a review of legislative history unnecessary, it noted some excerpts from the House Report of the Judiciary Committee in regards to BAPCPA. Legislative history shows BAPCPA "requires debtors to receive credit counseling before they can be eligible for bankruptcy relief so that they will make an informed choice about bankruptcy, its alternatives, and consequences." *Cole*, 347 B.R. at 76, quoting H.R.REP. NO. 109-31(1) (2005). The Judiciary Committee Report also states with respect to the pre-petition credit counseling requirement:

> Most importantly, S. 256 requires debtors to participate in credit counseling programs before filing for bankruptcy relief (unless special circumstances do not permit such participation). The legislation's credit counseling provisions are intended to give consumers in financial distress an opportunity to learn about the consequences of bankruptcy - such as the potentially devastating effect it can have on their credit rating - before they decide to file for bankruptcy relief.

*Id.*, quoting H.R. REP. NO. 109-31(1) N(2005).

The Bright Line test, on the other hand, looks at other Bankruptcy Code provisions which use the phrase "date of filing of the petition," such as Sections 547(b)(4)(A) and 348(f)(1)(A). Section 547(b)(4)(A) permits the trustee to avoid preferential transfers of an interest in property made on or within 90 days before the date of the filing of the petition. "[T]he date of filing in §

5

547(b)(4)(A) is interpreted as the *moment* of filing, since there would otherwise be an uncovered gap between midnight and whenever the petition was filed, during which transfers could be made whether or not they were otherwise preferential, an absurd result, 'contrary to the congressional purpose of the provisions.' " *Francisco*, 390 B.R. at 703-704 (emphasis in original), quoting in part *In re Barbaran*, 365 B.R. at 335. But see *Lester v. S. Mills, Inc. (In re Terry Mfg. Co., Inc.)*, 325 B.R. 638, 642 (Bankr. M.D. Ala. 2005) (following the majority view and holding the 90-day preference period under Section 547(b)(4)(A) "is determined by counting backward from the date of the petition, excluding the date of the petition and including the date of the transfer."). Similarly in Section 348(f)(1)(A), the estate of a case converted to another chapter consists of whatever became estate property "as of the date of filing of the petition" which remains in the debtor's possession or control "on the date of conversion." "Interpretation of the term 'date' in this section as other than a moment in time would create a similar 'gap' that would undermine the need for 'exact certainty' with respect to the parties' rights. Therefore, the *Hudson* court concluded that, '[i]n the context of the Bankruptcy Code, the term 'date' appears to identify a moment in time, rather than a span of time.' " *Francisco*, 390 B.R. at 704, quoting *In re Hudson*, 352 B.R. 391, 393-94 (Bankr. MD 2006).

Some courts have used a similar analysis in comparing the language of Section 109(h) to other provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. For example, in *In re Moore*, the bankruptcy court examined the hanging paragraph in Section 1325(a) which prohibits a debtor from stripping down a lien on a motor vehicle purchase money security interest incurred within 910 days "preceding the date of the filing of the petition." 359 B.R. 665 (Bankr. E.D. Tenn. 2006). Thus, "[i]f date of filing is defined in this provision as the entire 24-hour

6

period during which the bankruptcy filing takes place, a motor vehicle purchased on the morning of an afternoon bankruptcy filing would fall outside the protections otherwise provided a 910 creditor." *Id*. at 672. The *Moore* court concluded its definition "is consistent with the overall critical importance in the bankruptcy context of the precise time at which an individual or entity becomes a debtor." *Id*.

Courts following the Bright Line test reject the Plain Language view, which says Congress intended people to have a waiting period or a cooling off period between taking credit counseling and filing bankruptcy. "[N]othing in the legislative history suggests that Congress contemplated" such a waiting period. *In re Warren*, 339 B.R. 475, 480 (Bankr. E.D. Ark. 2006). "Congress certainly knew that, in this era of electronic filing, no such waiting period could be guaranteed by requiring debtors to obtain counseling by the calendar date before they file their petition." *Francisco*, 390 B.R. at 705, citing *Hudson*, 352 B.R. at 396 and *Moore*, 359 B.R. at 673-74.

The Tenth Circuit B.A.P. in *Francisco* determined Section 109(h) is ambiguous because of "other uses of the term 'date' in the Bankruptcy Code and on the fact that the term has been interpreted in two vastly different ways by the courts that have considered the issue." *Francisco*, 390 B.R. at 705. This Court disagrees; it believes the holding in *Gossett*, *supra*, that Section 109(h) is not ambiguous, is more persuasive. The plain language of the Code and Rule 9006 should be the starting point for calculating time, unless following the plain language would lead to an absurd result. "Because the legislature is presumed to act with sensible and reasonable purpose, a statute should, if at all possible, be read 'so as to avoid an unjust or absurd conclusion.' " *In re Graupner*, 537 F.3d 1295, 1302 (11th Cir. 2008), quoting *U.S. v. Ballinger*, 395 F.3d 1218, 1237 (11th Cir. 2005). Only in such instances should courts deviate from the plain language of the Code and Rules

7

(and in this case, Rule 9006). For example, it would be an absurd result to construe the hanging paragraph in Section 1325(a) to deny a secured creditor the protection of a 910-claim because the purchase money debt was incurred on the same day as, but hours or moments before, a debtor filed a chapter 13 petition. In such instances, a Court must employ common sense and give the purchase money secured creditor the 910-claim protection obviously intended by Congress. The *Cole* court thoroughly examined the reasons for following the Plain Language line of cases, and this Court agrees with that reasoning. Therefore, because applying Rule 9006 to Section 109(h) does not lead to an absurd result, this Court holds the "180-day period preceding the date of the filing of the petition" does not include the date the petition was filed. The plain language of Section 109(h) requires a debtor to obtain credit counseling within a certain number of days *preceding the date* of filing the petition, and this Court will not stray from established common law which does not split days into hours and minutes, but rather views days as indivisible units of time, unless an absurdity would result. It is not unreasonable to require a potential debtor to obtain credit counseling at least the day before filing the bankruptcy petition with the expectation he might receive information which might enable him to work through his credit crisis without resorting to bankruptcy. Admittedly in most cases this does not occur, and credit counseling is often followed by bankruptcy. However, at a minimum, it appears Congress intended for individuals to wait at lease one calendar day before filing bankruptcy after being informed of its consequences and plausible alternatives.

Therefore, Sims' Objection to Confirmation is SUSTAINED, and Confirmation is DENIED. The Trustee's Motion to Dismiss is due to be CONTINUED. A separate order in accordance with this opinion will be entered.

8

Dated: September 22, 2008

                                                                             /s/ James J. Robinson

                                                                             JAMES J. ROBINSON

                                                                             United States Bankruptcy Judge